IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ALGERNON W. TINSLEY,

        Plaintiff,

v.                                       CIVIL ACTION NO. 3:09-0600

MICHAEL J. ASTRUE, Commissioner
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Entry of Final Judgment with Respect to Fewer than all Claims. [Doc. No. 64]. Plaintiff has not responded to the motion. For the following reasons, the Court **GRANTS** the motion.

In the motion, Defendant requests this Court to enter final judgment on the Memorandum Opinion and Order entered on December 7, 2010, to the extent it granted Defendant's Motion for Summary Judgment on Plaintiff's race and age discrimination claims. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b), in part. "The tack which the district court must follow to effectuate a Rule 54(b) certification involves two steps." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980)). "First, the district court must determine whether the judgment is final." *Id.* "[A] judgment must be final in the

sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id*. (other citations and internal quotation marks omitted). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.* (citation omitted). In determining whether there is no just reason to delay entry of judgment, the district court should consider the following factors to the extent they are applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335-36 (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)) (other citation omitted).

In this case, the Court finds that its decision on Plaintiff's race and age discrimination claims is a final decision as it renders the ultimate disposition of those claims. Additionally, the Court finds no just reason why the Court should delay entry of judgment. The remaining claim in this case will be based upon a review of the Merit System Protection Board's decision as to whether there was good cause to suspend Plaintiff. Entry of a judgment on Plaintiff's race and age discrimination claims will not interfere with that review. In addition, it is unlikely that the remaining claim will cause the Court to review its decision of the race and age discrimination claims or consider the same issue a second time. Moreover, as Plaintiff has filed another case (civil action

number 3:10-1184) which raises many of the same issues raised in this case, entry of a final judgment in this case may result in a more expeditious resolution of the second case.

Accordingly, the Court finds no just reason for delay in entering a final judgment under Rule 54(b) and **ORDERS** entry of final judgment in favor of Defendant on Plaintiff's race and age discrimination claims.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:     January 6, 2011

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE