IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ALGERNON W. TINSLEY,

           Plaintiff,

v.                                     CIVIL ACTION NO. 3:09-0600

MICHAEL J. ASTRUE, Commissioner
Social Security Administration,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the parties' cross-motions for summary judgment, and Plaintiff's motion to amend, alter, or vacate this Court's Judgment entered on January 6, 2011, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the Court **DENIES** the summary judgment motion by Plaintiff Algernon W. Tinsley [doc. no. 77], **GRANTS** the like motion by Defendant Michael J. Astrue, Commissioner of the Social Security Administration [doc. no. 79], and **DENIES** Plaintiff's motion to amend, alter, or vacate this Court's previous judgment [doc. no. 72].

**I.
FACTUAL AND
PROCEDURAL HISTORY**

Many of the facts of this case were previously set forth in a Memorandum Opinion and Order entered on December 7, 2010. To the extent those facts are relevant to the current issue, the Court reiterates them here.

Plaintiff is an African American male who was employed by the Social Security Administration, Office of Disability Adjudication and Review, in Huntington, West Virginia, as an Administrative Law Judge ("ALJ"). On or about March of 2008, Frank Cristaudo, Chief Administrative Law Judge, Office of Disability Adjudication and Review of the Social Security Administration, recommended to the Merit Systems Protection Board (MSPB), that Plaintiff receive a thirty-day suspension from his employment for making false entries on the Agency's "Serial Time and Attendance Rosters" (SSA-30), on four separate occasions.

In the "Statement of Charges and Specifications" submitted by Chief ALJ Cristaudo, he observed that the SSA-30 form contains a plain and visible warning about falsifying time records. This warning provides: "'WILLFUL FALSIFICATION OF TIME RECORDS MAY RESULT IN SEVERE DISCIPLINARY ACTION INCLUDING A FINE OF NOT MORE THAN $10,000.00 OR IMPRISONMENT OR BOTH (18 USC 287, 1001).'" *Admin. Rec.* at 7. Believing Plaintiff falsified his records, Chief ALJ Cristaudo recommended the suspension. Plaintiff challenged the recommendation, alleging, inter alia, that he was being discriminated against on the basis of age and race. He also raised an affirmative defense under the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8).

The MSPB assigned this case to ALJ William N. Cates. ALJ Cates entered an order regarding the handling of discovery. On August 18, 2008, Plaintiff appeared for a deposition. After answering a few background questions, Plaintiff refused to answer any other questions and asserted his privilege against self-incrimination under the Fifth Amendment. Thereafter, the parties called

ALJ Cates to discuss the matter. ALJ Cates informed Plaintiff he had the right to assert the privilege, but it would have "ramifications" at trial and may affect his ability to testify for failing to comply with discovery requirements in the civil action. Plaintiff's counsel stated that he understood there may be trial consequences to his decision, but Plaintiff would invoke his privilege on a "blanket basis" and would not answer any further questions at his deposition.

On August 26, 2008, ALJ Cates conducted a bench trial. Prior to hearing evidence in the case, ALJ Cates asked Plaintiff's counsel if he intended to call Plaintiff at trial to testify. Plaintiff's counsel stated he did not. ALJ Cates then went on to discuss Government's Motion for Sanctions and stated he did not believe Plaintiff could testify at trial because he invoked his Fifth Amendment privilege at his deposition. Even if he elected to withdraw his privilege at trial, ALJ Cates stated he would not allow him to testify at that point because Plaintiff failed to participate in discovery. Plaintiff made no objection to the ruling.

The Government then presented its evidence, including testimony from Charlie Paul Andrus, the Hearing Office Chief ALJ for the Huntington office and Plaintiff's first-line supervisor. Amongst his duties, ALJ Andrus stated he is in charge of keeping track of the other ALJ's time and attendance. ALJ Andrus testified that Plaintiff's problems began in May of 2007 when there were issues with certain travel vouchers he submitted. Additional problems were found in vouchers submitted in August and October of that year.

When questioned as to whether ALJ Andrus was aware of discrepancies in the time sheets of any other ALJs, he said he found problems with three or four time sheets of ALJ David B. Daughterty, a white male. ALJ Andrus stated he conducted an investigation, and he sent a report to the Chief ALJ Frank Cristaudo. ALJ Andrus testified he handled ALJ Daugherty's case the same way he handled Plaintiff's case, but he stated ALJ Daugherty received no formal disciplinary action. ALJ Andrus stated he was unaware of any ALJs younger than Plaintiff who engaged in similar misconduct and were not punished for it.

With respect to Plaintiff's claim under the Whistleblower Protection Act, ALJ Andrus further testified he heard some rumors that the Inspector General's Office was going to speak with Plaintiff, but he did not know that Plaintiff had spoken with anyone in the Inspector General's Office until he was preparing for his deposition in this case. He further testified he was unaware of any disclosures he may have made which were adverse to the Government.

Chief ALJ Cristaudo also testified at the hearing. He said that he believed the thirty-day suspension was appropriate in Plaintiff's case because he was told a number of times about the rules, yet he ignored the policy. In addition, he held a position which encompassed expectations of honesty and integrity, and his actions failed to meet those standards. He also said that Plaintiff was one of the least productive judges in the nation. He asserted Plaintiff's race and age played no role in his decision. In fact, he testified he was not even sure how old Plaintiff was. In addition, Chief ALJ Cristaudo testified he was unaware that Plaintiff made certain disclosures to the Office of the Inspector General against the Agency. Chief ALJ Cristaudo further related that, when he worked

as a Regional Chief ALJ he knew about attendance violations by Judge Daugherty, but he had no authority at the time to discipline Judge Daugherty. He did forward the information to his superiors, but he did not believe his superiors suspended Judge Daugherty. Chief ALJ Cristaudo stated it was not until about two years ago that he was given the authority to discipline ALJs. After the close of the Government's case, Plaintiff's counsel stated he did not intend to call any witnesses, and he rested his case.

After considering the testimony and the arguments of the parties, ALJ Cates upheld Plaintiff's suspension on October 21, 2008. In his decision, ALJ Cates noted that Chief ALJ Cristaudo denied treating Plaintiff any differently on the account of his race or age. Chief ALJ Cristaudo specifically stated he had proposed discipline against non-African American judges and against judges younger than what he thought Plaintiff was. He further said he would have issued a disciplinary action against ALJ Daugherty if he had the authority to do so at the time. Moreover, ALJ Andrus had treated Plaintiff and ALJ Daugherty exactly the same, by conducting an investigation and making reports to his superior. ALJ Andrus further asserted he did not know of any judge younger than Plaintiff who engaged in similar conduct who was not disciplined based upon that individual's age.

With respect to Plaintiff's affirmative defense that he was disciplined in violation of the Whistleblower Protection Act, ALJ Andrus testified he had no knowledge or indication that Plaintiff had spoken to the Office of the Inspector General until he was prepared for his deposition. Likewise, Chief ALJ Cristaudo had no recollection of Plaintiff making a report to the Inspector

General. Therefore, ALJ Cates found no evidence to support Plaintiff's claim. Accordingly, as ALJ Cates found the uncontested evidence established Plaintiff had falsified his time on the SSA-30[1] and there was no evidence of discrimination or a violation of the Whistleblower Protection Act, ALJ Cates found Plaintiff was suspended for good cause and his suspension was appropriate.

Plaintiff appealed the decision, but it was affirmed by the MSPB on February 20, 2009. Plaintiff then appealed the decision to the Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC, OFO"). On April 29, 2009, the OFO affirmed the decision. Therefore, on June 2, 2009, Plaintiff, acting pro se, filed a Complaint in this Court, alleging he was unlawfully discriminated against in his employment because of race, age, and retaliation for disclosure of fraud and conspiracy. Nearly a year later, Plaintiff retained counsel.

At the Pretrial Conference held on November 29, 2010, Plaintiff argued for the very first time that another ALJ would testify that ALJ Daugherty continued to violate the time and attendance policy during the same period that Plaintiff was found to have violated the policy. However, Plaintiff presented no affidavit from this other ALJ, nor was he deposed. In addition, Plaintiff made no mention of this other ALJ's purported testimony in the Pretrial Order or in his Response to Defendant's Motion for Summary Judgment. Instead, Plaintiff made an oral motion at the Pretrial Conference to allow him to obtain and submit an affidavit from this other ALJ. The Court denied the motion as it would require the reopening of discovery on the eve of trial.

---

[1] ALJ Cates specifically found that the Agency had met its burden of proof that Plaintiff made false entries on May 18, August 24, and October 18, 2007. He found the Agency had not met its burden with respect to May 16, 2007.

Thereafter, Plaintiff filed a written motion asserting that his own deposition testimony indicated ALJ Daughtery was committing infractions during the time period Chief ALJ Cristaudo had the authority to discipline him.

In the Memorandum Opinion and Order entered by this Court on December 7, 2010, the Court found Plaintiff's deposition did not support his allegation and rejected his argument. The Court also reemphasized it would not allow Plaintiff to raise an entirely new allegation on the eve of trial which would require reopening discovery. In addition, this Court granted Defendant's Motion for Summary Judgment on Plaintiff's race and age discrimination claims and denied Defendant's Motion to Dismiss Plaintiff's Whistleblower Claim. In granting summary judgment on the race discrimination claim, the Court found that ALJ Daughtery was not a comparable employee because his case involved a different decision maker than in Plaintiff's case, and Plaintiff pointed to no other comparable employee. The Court also rejected Plaintiff's age claim, noting that ALJ Daughtery was actually older than Plaintiff and there was no evidence of anyone outside the protected class being treated any differently than he was. The Court did allow, however, Plaintiff to proceed on his affirmative defense under the Whistleblower Protection Act. The parties agreed at the Pretrial Conference that the Court's review of this case must be based upon the administrative record and the standards set forth in 5 U.S.C. § 7703(c).

On December 9, 2010, Defendant moved for entry of a final judgment on the race and age discrimination claims. Plaintiff did not respond to the motion. By Memorandum Opinion and Order entered on January 6, 2011, the Court granted the motion and entered a Judgment Order on

those claims. Now, in addition to the parties' cross-motions for summary judgment on the Whistleblower claim, Plaintiff also moves to amend, alter, or vacate the final judgment on the race and discrimination claims. For the following reasons, the Court finds both of Plaintiff's motions without merit and grants summary judgment in favor of Defendant.

## II.
## STANDARD OF REVIEW

"A federal employee who asserts both discrimination in violation of Title VII and an 'adverse employment action' asserts a 'mixed case' . . . ." *Pueschel v. Peters*, 577 F.3d 558, 563(4th Cir. 2009) (citations omitted). "Congress explicitly gave the district courts exclusive jurisdiction over mixed cases." *Afifi v. U.S. Dep't of the Interior*, 924 F.2d 61, 63 (4th Cir. 1991). Even when discrimination claims are disposed of before nondiscrimination claims, the district court may exercise its discretion in retaining jurisdiction over the nondiscrimination claims instead of transferring the claims to the Federal Circuit under 28 U.S.C. § 1631. *Id.* at 64. In the instant case, the parties have not requested a transfer of the remaining claim, and the Court finds retention of jurisdiction is warranted as it promotes judicial economy and the convenience to the parties. Therefore, the Court will proceed on Plaintiff's Whistleblower claim.

In reviewing the decision below, the Court relies upon § 7703(c), which provides:

> (c) In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be--
>
> > (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

>> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence;
>
> except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.[2]

5 U.S.C. § 7703. With this statute serving as the Court's standard of review, the Court turns to the administrative record and the decision below.

## III.
## WHISTLEBLOWER
## PROTECTION ACT CLAIM

In his motion, Plaintiff states he was not allowed to testify to support his affirmative defense under the Whistleblower Protection Act and, therefore, he argues he was denied an adequate

---

[2]Subsection (b)(2) states:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

5 U.S.C. § 7703(b)(2).

remedy at law. Defendant responds in its motion by stating that Plaintiff waived any objection he had with regard to his testimony. Upon review, the Court agrees with Defendant.

Initially, the Court recognizes that Plaintiff, who previously spent 22 years in private practice as a criminal defense attorney, made a conscious decision not to answer questions at his deposition under the Fifth Amendment. When the parties stopped the deposition and called ALJ Cates to discuss the matter, Plaintiff's counsel told ALJ Cates his client understood that there would be "ramifications" as a result of his decision which may affect his ability to testify in the civil action. Nevertheless, counsel said it was his client's decision to invoke his privilege on a "blanket basis." Thus, Plaintiff understood his decision could prevent him from later testifying at trial.

Next, prior to hearing evidence at the bench trial, Plaintiff's counsel represented that he would not call his client to testify. This conversations occurred before ALJ Cates' ruled at the hearing that, even if Plaintiff decided to testify, he would not allow him to do so because he did not participate in discovery. In other words, Plaintiff never even requested that he be able to testify at trial. In addition, he never asked for a continuance of the trial or for discovery to be reopened. Moreover, he made no objection when ALJ Cates made his ruling that, even if Plaintiff wanted to testify, he would not let him at that point. In fact, Plaintiff never complained about not testifying until he filed his summary judgment motion in this case. Clearly, as Plaintiff never requested he be

able to testify and never objected to ALJ Cates' decision he could not testify, the Court finds his objection now is untimely and subject to waiver.[3]

Turning to the evidence that was presented at the hearing, there is simply no evidence that supports Plaintiff's claim. ALJ Andrus testified that, although he heard rumors, he did not know Plaintiff had spoke with the Inspector General's Office until he was getting ready for his deposition in the present case. He also said he had no knowledge of any adverse disclosures Plaintiff may have made. At the hearing, Plaintiff presented no witnesses on his behalf, and his counsel did not even mention the Whistleblowing claim in his closing arguments. Given the evidence, the Court finds ALJ Cates' decision to deny Plaintiff's Whistleblower claim was not arbitrary, capricious, or an abuse of discretion, and it is supported by substantial evidence. Additionally, the decision is in accordance with the law.

## IV.
## RULE 59(e) MOTION

In his Rule 59(e) motion, Plaintiff argues that this Court decision with regard to his race claim is erroneous. In support, he submits an affidavit from James D. Kemper, Jr., a retired Administrative Law Judge for the Social Security Administration. This affidavit was signed on January 28, 2011, well after the close of discovery in this matter and, in fact, after the Judgment Order was entered. At the Pretrial Conference held on November 29, 2010, this Court specifically denied Plaintiff's oral request to submit such an affidavit because discovery was complete, it was

---

[3]Plaintiff attempts to argue that he should have been afforded a separate proceeding on his Whistleblower claim from Defendant's claim that he falsified his time sheets. However, at least with respect to the present case, he pled the Whistleblower claim as an affirmative defense to the charge. Thus, there was nothing improper about Defendant considering the issues together.

-11-

the eve of trial, and Plaintiff proffered this anticipated testimony for the very first time at the Pretrial Conference. For the reasons stated previously, this Court will not consider Mr. Kemper's affidavit, and the Court finds absolutely no reason why it should amend, vacate, or alter its previous judgment. Therefore, the Court **DENIES** Plaintiff's motion.

## V.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff' Motion for Summary Judgment [doc. no. 77], **GRANTS** Defendant's Motion for Summary Judgment [doc. no. 79], and **DENIES** Plaintiff's Motion to Amend, Alter, or Vacate Pursuant to Rule 59(e) [doc. no. 72].

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:  September 20, 2011

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE